**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| MENARD, INC., | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| MSF TRANSPORT, LLC, and | ) | |
| | ) | |
| CANO & SONS TRUCKING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

COMES NOW Plaintiff, Menard, Inc., and hereby alleges the following in support of its Complaint against MSF Transport, LLC, and Cano & Sons Trucking, LLC:

## PARTIES

1.      Plaintiff Menard, Inc. ("Menards") is a Wisconsin company with its principal place of business in Eau Claire, Wisconsin.

2.      Upon information and belief, Defendant MSF Transport, LLC ("MSF") is a Texas corporation with its principal place of business in Texas.

3.      Upon information and belief, Defendant Cano & Sons Trucking, LLC ("C&S") is a Texas corporation with its principal place of business in Texas.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00 and the dispute is between companies of different states.

5.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b) as the accident at issue occurred in Iowa.

## COMMON ALLEGATIONS

6.      On or about December 5, 2018 at approximately 11:22 a.m., Jose Garza ("Garza"), who was operating a tractor-trailer, began to travel southbound from the right shoulder of Interstate 35 at approximately the 118.5 mile marker in Story County, Iowa.

While Garza was attempting to merge the tractor-trailer from the right shoulder of southbound Interstate 35, he struck a tractor-trailer driven by Bryan Teeters ("Teeters").

7.      At the time of the December 5, 2018 accident, Garza was driving a tractor-trailer owned by Defendant MSF Transport, LLC ("MSF") and leased by Defendant Cano & Sons Trucking, LLC ("C&S").

8.      Upon information and belief, Garza was driving the tractor-trailer involved in the December 5, 2018 accident with the permission and consent of MSF and C&S.

9.      Upon information and belief, Garza was driving the tractor-trailer in the course and scope of his employment with MSF and/or C&S.

10.     The tractor involved in the December 5, 2018 accident and driven by Teeters was leased by Menards.

11.     The trailer involved in the December 5, 2018 accident and attached to the tractor driven by Teeters was owned by Menards. The trailer contained contents owned by Menards.

12.     At the above-mentioned place and time, MSF & C&S were negligent, through Garza in, including but not limited to, the following particulars:

      a.      In failing to keep a proper lookout;

      b.      In failing to operate the tractor-trailer in a prudent and reasonable manner;

      c.      In failing to have the tractor-trailer under proper and reasonable control;

      d.      In failing to avoid a collision;

      e.      In failing to use due and reasonable care in the operation of the tractor-trailer; and/or

      f.      In failing to yield the right of way.

13.     The negligence of Garza is imputed to Defendants.

14.     The acts of negligence on the part of Defendants caused the collision.

15.     As a direct and proximate result of the negligence of Defendants, Menards sustained damages. Such damages include, but are not limited to:

      a.      property damage associated with the tractor driven by Teeters, the associated trailer, and contents of such trailer;

b.     monetary damages associated with towing/moving the tractor driven by Teeters, the associated trailer, and contents of such trailer from the scene of the December 5, 2018 accident;

c.     any payment amounts, past and future, for substitute tractors, trailers, and employees; and

d.     any and all other damages, past and future, which are a proximate cause of the December 5, 2018 accident described herein.

## COUNT ONE - NEGLIGENT TRAINING AND SUPERVISION

16.     Menards repleads the foregoing paragraphs as if set forth fully herein.

17.     Upon information and belief, MSF and C&S are the entities responsible for Garza's safety training and supervision.

18.     MSF and C&S had a duty to train and supervise their drivers.

19.     MSF and C&S were negligent in the training and supervision of Garza.

20.     MSF and C&S knew or should have known that without proper safety training or supervision Garza would perform inadequately while on the job.

21.     MSF and C&S were negligent in their training and supervision of Garza and such negligence was the proximate cause of the damages sustained by Menards, which are described herein.

## COUNT TWO - RESPONDEAT SUPERIOR

**I.**     **Respondeat Superior Claim against MSF**

22.     Menards repleads the foregoing paragraphs as if fully set forth herein.

23.     Upon information and belief, MSF was the direct employer of Garza at the time of the December 5, 2018 accident.

24.     That as an employer, MSF is liable for the actions of its employees within the scope of their employment.

25.     Garza's actions in regard to the issue at hand were within the scope of his employment with MSF as a tractor-trailer driver.

26.     MSF is liable for the damages caused by the negligence of Garza and are responsible for the damages sustained by Menards, which are described herein.

**II.     Alternative Respondeat Superior Claim against C&S**

27.     In the alternative, and upon information and belief, C&S was the direct employer of Garza at the time of the December 5, 2018 accident.

28.     That as an employer, C&S is liable for the actions of its employees within the scope of their employment.

29.     Garza's actions in regard to the issue at hand were within the scope of his employment with C&S as a tractor-trailer driver.

30.     C&S is liable for the damages caused by the negligence of Garza and are responsible for the damages sustained by Menards, which are described herein.

**COUNT THREE - IOWA STATUTE 321.493**

31.     Menards repleads the foregoing paragraphs as if fully set forth herein.

32.     Under Iowa Statute Section 321.493, MSF and C&S are liable for the damages caused by the negligence of Garza.

**JURY DEMAND**

Menards does hereby request a trial by jury on all issues in the United States District Court for the Southern District of Iowa at the courthouse in Council Bluffs, Iowa in the above-captioned matter.

WHEREFORE, Menards respectfully prays for judgment against Defendants MSF and C&S in an amount that will reasonably compensate it for its damages, with interest and costs as provided by the law, and any other and further relief as this Court deems just and equitable.

Dated this day of 13th May, 2019.

Menard, Inc., Plaintiff

BY:  */s/Jacqueline M. Deluca*
Jacqueline M. DeLuca #25147
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, Nebraska  68102-2663
(402) 341-6000
Attorneys for PLAINTIFF